**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

BENEDICT COSENTINO,

           Petitioner - Appellant,

v.

PECHANGA BAND OF LUISENO
MISSION INDIANS and PECHANGA
GAMING COMMISSION,

           Respondents - Appellees.

No. 13-57113

D.C. No. 5:13-cv-00912-R-OP

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted February 3, 2016
Pasadena, California

Before: PREGERSON, WARDLAW, and HURWITZ, Circuit Judges.

    Benedict Cosentino, a former table games dealer at the Pechanga Casino,

appeals the district court's order dismissing his petition to compel the Pechanga

Gaming Commission and the Pechanga Band of Luiseño Mission Indians ("the

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Tribe") to arbitrate his tort claims pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* Because the Tribe did not waive its sovereign immunity as to Cosentino's claims, the district court correctly ruled that it lacked jurisdiction to order arbitration. *See* Fed. R. Civ. P. 12(b)(1). We affirm the dismissal of this action.

Indian tribes possess common law immunity from suit, *Michigan v. Bay Mills Indian Cmty.*, 134 S. Ct. 2024, 2030 (2014), and may only be sued "where Congress has authorized the suit or the tribe has waived its immunity," *Kiowa Tribe of Okla. v. Mfg. Techs., Inc.*, 523 U.S. 751, 754 (1998). A tribe's waiver of immunity must be "clear." *C & L Enters., Inc. v. Citizen Band Potawatomi Indian Tribe of Okla.*, 532 U.S. 411, 418 (2001) (citation omitted); *see also Maxwell v. County of San Diego*, 697 F.3d 941, 953 (9th Cir. 2012) ("Waivers of tribal sovereign immunity must be explicit and unequivocal.").

Section 10.2(d) of the Tribal-State Compact between the Tribe and the State of California requires the Tribe to adopt and maintain a Tort Liability Ordinance wherein the Tribe consents to suits to compel arbitration of certain tort clams. Cosentino concedes that the Tribe's existing Tort Liability Ordinance does not waive the Tribe's immunity to his suit, but claims that Section 10.2(d) of the Compact itself waives the Tribe's immunity.

The Tribe did not consent to Cosentino's suit in the Compact; it merely agreed to adopt an Ordinance waiving certain claims. Insofar as Cosentino is arguing that the Tort Liability Ordinance failed to waive the Tribe's sovereign immunity to the extent required by the Compact, he lacks standing to make that claim. *See* Compact § 15.1 (precluding third party suits to enforce the Compact). Thus, construing the Compact as a whole, Compact § 10.2(d) memorializes certain of the Tribe's obligations to the State; it does not clearly waive the Tribe's immunity from third party suits. *See C & L Enterprises*, 532 U.S. at 418–20.

**AFFIRMED.**